**O**

**JS-6**

# United States District Court
# Central District of California

| | |
|---|---|
| U.S. BANK, N.A., AS TRUSTEE FOR SERVERTIS REO PASS-THROUGH TRUST I,<br><br>             Plaintiff,<br><br>      v.<br><br>STACIA TRIMMER; DARRYL JONES; AND DOES, Occupants 1–10,<br><br>             Defendants. | Case No. 2:14-cv-09766-ODW(ASx)<br><br>**ORDER GRANTING MOTION TO REMAND AND REQUEST FOR ATTORNEY FEES AND COSTS AND DENYING REQUEST TO BAR FUTURE REMOVALS [10]** |

## I.   INTRODUCTION

Plaintiff U.S. Bank, N.A., as Trustee for Servertis REO Pass-Through Trust I ("U.S. Bank"), moves to remand this action to the Superior Court of the State of California, Los Angeles County, for lack of federal subject-matter jurisdiction. (ECF No. 10). Further, U.S. Bank seeks attorney fees and costs in the amount of $5,218.00 pursuant to 28 U.S.C. § 1447(c) and a bar on any future removals of the action. (*Id.*) U.S. Bank argues that Mary Jones[1], a non-party, lacks standing to remove the state

---

[1] To avoid confusion, Mary Jones will hereinafter be referred to as "Jones" because she is the removing party.  Defendant Darryl Jones will be referred to as "Darryl Jones."

court action. (*Id.*) In addition, Jones failed to establish a sufficient basis for removal and is simply obstructing U.S. Bank's ability to recover possession of the real property. For the reasons discussed below, the Court finds that Jones had no objectively reasonable basis for removal. Therefore, the Court **GRANTS** Plaintiff's Motion to Remand and **AWARDS** attorney fees and costs against Jones in the amount of **$5,218.00**. (*Id.*) Plaintiff's request for an order precluding future removals of this action is **DENIED**.[2] (*Id.*)

## II. FACTUAL BACKGROUND

U.S. Bank's claim arose out of a non-judicial foreclosure sale of property located at 5467 Bradna Drive, Los Angeles, California 90043 ("Property"). (ECF No. 10, Mot. to Remand ["MTR"] 1.) On April 7, 2011, upon sale, a trustee's deed executed by Defendant Stacia Trimmer was recorded granting the Property to U.S. Bank N.A., Trustee for SerVertis Fund Trust 2009-2 Grantor Trust Certificates, Series 2009-2. (ECF No. 11, ["RJN"] Ex. 1.)[3] On February 29, 2012, the Property was granted to U.S. Bank. (RJN Ex. 2.)[4] On March 10, 2012, U.S. Bank served Defendants Stacia Trimmer and Darryl Jones (collectively "Defendants") written notice to quit and deliver possession of the Property within three days. (*Id.* Ex. 3.) Defendants did not deliver possession of the Property. (*Id.*) On March 28, 2012, U.S. Bank filed an unlawful detainer action against Defendants in the Los Angeles County Superior Court. (*Id.*)

On July 21, 2014, Jones filed and served a Notice of Bankruptcy Stay on both

---

[2] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

[3] The Court takes judicial notice to the extent it relies on the documents attached to the Request for Judicial Notice (ECF No. 11, Exs. 1–5.). *See* Fed. R. Evid. Rule 201(b); *C.B. v. Sonora Sch. Dist.*, 691 F. Supp. 2d 1123, 1138 (E.D. Cal. 2009) ("The Court may take judicial notice of matters of public record, including duly recorded documents, and court records available to the public through the PACER system via the internet.") To the extent the documents are not relied upon, the Request is moot.

[4] U.S. Bank N.A., Trustee for Servertis Fund Trust 2009-2 Grantor Trust Certificates, Series 2009-2 granted the Property to U.S. Bank N.A. as Trustee for SerVertis REO Pass-Through Trust I, which is the Plaintiff in this action.

1  U.S. Bank and the Santa Monica Courthouse, Los Angeles County Superior Court
2  ("State Court"). (ECF No. 1, ["NOR"] ¶ 3.) On July 25, 2014, a jury trial was held in
3  State Court. (NOR ¶¶ 4–5.) On August 12, 2014, judgment was entered against
4  Defendants for $11,050 in total damages and for restitution of the Property. (RJN, Ex.
5  5.) On December 20, 2013, a quitclaim deed was recorded that quitclaimed the
6  Property to U.S. Bank. (RJN Ex. 4.)

7  On December 22, 2014, Jones removed the action to federal court pursuant to
8  28 U.S.C. § 1441 on the basis of purported federal question jurisdiction and diversity
9  jurisdiction. Specifically, Jones alleged that U.S. Bank and the State Court "in
10 violation of 11 U.S.C 362 [sic] Bankruptcy Stay commence[d] movement toward a
11 jury trial on July 25, 2014. . . ." (NOR ¶ 4.)

12 On January 21, 2015, U.S. Bank filed a Motion to Remand seeking: (1) an order
13 from this Court remanding this case to State Court; (2) attorney fees and costs in the
14 amount of $5,218.00; and (3) an order specifically precluding any future removals of
15 this action. (ECF No. 10.) Jones timely opposed and U.S. Bank replied. (ECF Nos.
16 13 [Opp'n], 15.) That motion is now before the Court for consideration.

### III. LEGAL STANDARD

18 Federal courts are courts of limited jurisdiction, having subject-matter
19 jurisdiction only over matters authorized by the Constitution and Congress. U.S.
20 Const. art. III, § 2, cl. 1; *see, e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511
21 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the
22 federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a).
23 Federal courts have original jurisdiction where an action presents a federal question
24 under 28 U.S.C. § 1331, or diversity of citizenship under 28 U.S.C. § 1332. To
25 exercise diversity jurisdiction, a federal court must find complete diversity of
26 citizenship among the adverse parties, and the amount in controversy must exceed
27 $75,000, usually exclusive of interest and costs. 28 U.S.C. § 1332(a).

28 Courts strictly construe the removal statute against removal jurisdiction, and

"[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) (citing *Gaus*, 980 F.2d at 566).

## IV. DISCUSSION

**A. Motion to Remand**

*1. Timeliness of Removal*

Jones' Removal was untimely filed. "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" 28 U.S.C. § 1446(b). Proof of Service of the Summons and Complaint upon Defendants was filed with State Court on April 27, 2012. (RJN, Ex. 5.) While Jones' service date is unknown, the latest possible date would have to be July 21, 2014 in order for her to file the Notice of Bankruptcy Stay on the State Court. (*Id.*, Ex. 3.) Jones filed her Notice of Removal on December 22, 2014. (ECF No. 1.) Even if Jones was served on July 21, 2014 as opposed to April 27, 2012, her removal would still be four months too late. Therefore, the Court finds Jones' removal untimely pursuant to 28 U.S.C. § 1446(b).

*2. Subject-Matter Jurisdiction*

"Whether removal jurisdiction exists must be determined by reference to the well-pleaded complaint." *Am. Homes 4 Rent Props. One, LLC v. Reyes*, No. CV 13-2694 SI, 2013 WL 4048984, at *2 (N.D. Cal. July 30, 2013) (citing *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 808 (1986)). With respect to the Court's jurisdiction pursuant to a federal question under 28 U.S.C. § 1331, the only claim made in U.S. Bank's Complaint is unlawful detainer. (RJN, Ex. 3.) Jones argues that this case presents a federal question because it violated the Automatic Bankruptcy Stay pursuant to 11 U.S.C. § 362 when the case proceeded to trial. (NOR 3.) U.S.

4

Bank argues, and the Court agrees, that a defense in federal law does not grant Jones jurisdiction to remove the case. (MTR 4–5.) *See Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002) ("[A] case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue."). Since a federal question did not arise from the well-pleaded complaint, the Court finds this case presents no federal question.

Furthermore, regarding diversity jurisdiction, this case does not meet the "amount in controversy" requirement under § 1332. In order to claim diversity jurisdiction, the amount in controversy must exceed $75,000. 28 U.S.C. § 1332. "In unlawful detainer actions [ ] the amount of damages sought in the complaint, not the value of the subject real property, determines the amount in controversy." *Litton Loan Servicing, L.P. v. Villegas*, No. C 10-05478 PJH, 2011 WL 204322, at *2 (N.D. Cal. Jan. 21, 2011); *see also Wells Fargo Bank, NA v. Hunt*, No. C-10-04965 JCS, 2011 WL 445801, at *4 (N.D. Cal. Feb. 3, 2011) (holding that property value is not considered when calculating the amount in controversy in unlawful detainer actions).

U.S. Bank requested damages in its Complaint for $50.00 per day from March 28, 2012 (Complaint's filing date) to the date of judgment. (*See* RJN, Ex. 3.) Jones alleged in the Notice of Removal that the total amount in controversy is $50.00 per day for 1095 days, totaling $54,750. (NOR 3; MTR 6.) After U.S. Bank addressed in its motion that the amount is too low, Jones responded that the amount in controversy exceeds $75,000 by adding the value of the Property ($450,000) with the Complaint damages ($54,750). (Opp'n 3.) Because this is an unlawful detainer action, only the Complaint damages are at issue. The amount in controversy remains $54,750, which is below the statutory minimum of $75,000. Therefore, the Court finds this case does not present diversity jurisdiction, or any other jurisdictional basis warranting removal.

3. *Standing for Removal*

Section 1441(a) states that "any civil action brought in a State court of which

the district courts of the United States have original jurisdiction, may be removed by *the defendant or the defendants*[.]" 28 U.S.C. § 1441(a) (emphasis added). U.S. Bank argues that Jones is not a defendant, and she failed to intervene in the State Court action. (MTR 2.) For that reason, she lacks standing to remove the action to federal court. (*Id.*) Jones never responded to the issue of standing, and neither the Complaint, nor the Notice of Removal, lists Jones as a defendant or explains her relationship to this action. (ECF Nos. 11, 1.)

Absent any evidence that elaborates on Jones' connection to the Defendants, the Court cannot rule on her standing to remove. Nevertheless, even if Jones were considered a defendant, her removal would be improper because there is no federal claim alleged against her. (RJN, Ex. 3) *See Rosset v. Hunter Eng'g Co.*, No. C 14-01701 LB, 2014 WL 3569332, at *6 n.3 (N.D. Cal. July 17, 2014); *Sylvestre v. Wells Fargo Bank, N.A.*, No. 14-CV-03740 JST, 2014 WL 6872898, at *3 (N.D. Cal. Dec. 4, 2014) (holding that only defendants with a federal claim alleged against them can remove an action based on federal question jurisdiction.).

**B.      Request for Attorney Fees**

U.S. Bank argues it is entitled to attorney fees and costs of $5,218.00 incurred as a result of filing the present motion. (MTR 6–7; ECF No. 20.) 28 U.S.C. § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, *including attorney fees*, incurred as a result of the removal." 28 U.S.C. § 1447(c) (emphasis added).

The Supreme Court has held that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only *where the removing party lacked an objectively reasonable basis for seeking removal*." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (emphasis added). In *Martin*, the Supreme Court acknowledged that an "appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic

decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Id.* at 140.

The Court agrees with U.S. Bank's assertion that Jones' removal was nothing more than an attempt to delay U.S. Bank's possession of the Property. (MTR 7.) As a result, Jones subjected U.S. Bank to the expense of unnecessary attorney fees and litigation costs through the process of an untimely removal, based on improper subject-matter jurisdiction. Therefore, the Court finds Jones did not have an objectively reasonable basis for seeking removal and awards U.S. Bank attorney fees and costs in the amount of $5,218.00. *See Moore v. Permanente Med. Grp., Inc.* 981 F.2d 443, 447 (9th Cir. 1992) (stating that courts have "wide discretion" to grant reasonable attorney fees and costs).

**C.      Request for a Court Order Precluding Future Removals in This Action**

An order precluding future removals of this particular action is unnecessary because Jones only filed for removal once. *See, e.g.*, *U.S. Bank Nat. Ass'n v. Gonzales*, No. 1:11-CV-00060 OWW JLT, 2011 WL 1327753, at *2 (E.D. Cal. Apr. 6, 2011); *Quantum Servicing Corp. v. Castaneda*, No. C-11-2890 EMC, 2011 WL 3809926, at *3 (N.D. Cal. Aug. 29, 2011) (holding that improperly removing a case once is not sufficient grounds to bar future removal.) Additionally, U.S. Bank failed to cite any law suggesting that barring future removals would be appropriate under these circumstances. Therefore, the Court **DENIES** U.S. Bank's request to preclude future removals.

///
///
///
///
///
///
///

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Plaintiff's Motion to Remand and **AWARDS** attorney fees and costs of litigation against Jones in the amount of **$5,218.00**. (ECF No. 10.) Plaintiff's request for an Order precluding future removals of this action is **DENIED**. This action is remanded to the Superior Court of the State of California, Los Angeles County, Santa Monica Judicial District. The Clerk of the Court shall close this case.

**IT IS SO ORDERED**

April 7, 2015

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**